UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

EDWARD C. HANKS,  )
  )
          **Plaintiff,**  )
v.  )  No.: 20-cv-3125-JBM
  )
NED HUBBARD, et al.,  )
  )
          **Defendants.**  )

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging deliberate indifference to his serious medical needs and retaliation at the Western Illinois Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff files a disjointed and scattershot complaint alleging that on August 21, 2018, he was seen by ophthalmologist, Defendant Hubbard. Defendant applied Ketotifen Fumrate Ophthalmic solution to Plaintiff's eyes, which several days later became swollen, and clogged. On an unidentified date, a vein burst, Plaintiff lost his equilibrium, his face dropped, and his vision became blurry. Plaintiff was taken to a hospital where he, "later," had a stroke. Plaintiff

alleges that Defendant Hubbard, "injured" his eye in a manner not otherwise explained and caused him to have a stroke. He claims, without explanation, that Nurse Practitioners Smith and Miller dismissed his injuries as "none existing" and failed to order a CAT scan or MRI.

Plaintiff claims that he was given a mockery of a medical lay-in, and that this was intended to prevent him; showing his face disfigured from the eye injury, speaking to others about being taken to segregation for praying in the yard; and following-up "whether the grievance about the excess feces was being enforced."

Plaintiff goes on to plead that on April 18, 2019, he developed bumps on his forehead which were initially diagnosed as heat rash, but which were actually shingles. Plaintiff was sent to an off-site hospital, perhaps for the shingles, though this is not clearly pled. When he returned, he was placed in quarantine in segregation without a blanket in 30-45-degree weather. After 13 days in segregation. Plaintiff developed seizure-like symptoms and had to be taken to an off-site hospital.

Plaintiff also alleges retaliation, claiming that Nurses Given and Wolf did not give him pain medication, asserting either the medication was not available, or the prescription had run out. Plaintiff claims, however, that he was given the medication on the next shift. Though he claims this was an act of retaliation, he does not claim that he had engaged in any protected First Amendment activity which caused the retaliation. Plaintiff requests injunctive relief and money damages.

Plaintiff also reveals that he is a class member in *Lippert v. Ghosh*, No. 10-4603 (N.D. Ill.) ("*Lippert*"), and subject to the Consent Decree entered there. *Lippert* is a class action brought on behalf of "all prisoners in the custody of [IDOC] with serious medical or dental needs." *See id*. [ECF 1238 at 2]; *Orr v. Shicker*, 953 F.3d 490, 495-96 (7th Cir. 2020).

## ANALYSIS

The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th Cir.2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Here, the Court finds Plaintiff's allegations too vague and devoid of sufficient context and detail to place any defendant on notice of the claims against him.

These claims also represent an impermissible misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Here, Plaintiff alleges violations at three or more different periods of time, involving different Defendants and different injuries. These diverse claims do not arise out of a single transaction and do not involve common questions of fact. Fed.R.Civ.P. 20(a) (2)(A) and (B); *Davis v. Harding*, No. 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). These claims are DISMISSED, though Plaintiff will be given an opportunity to replead.As an aid to repleading, Plaintiff's attention is directed to Rule 10 of the Federal Rules of Civil Procedure that requires a party to "state his

claims ...in numbered paragraphs, each limited as far as practicable to a single set of circumstances' ; and " each founded on a separate transaction or occurrence ... must be stated in a separate count".

Plaintiff is placed on notice that, to the extent that his claims for injunctive relief come under the terms of the *Lippert* consent decree, he must follow the dispute resolution provisions provided therein. Under the terms, if an inmate believes that IDOC is not in substantial compliance with the decree, the inmate must provide notice to IDOC. If the inmate and IDOC cannot reach a resolution, either side may seek relief from the district court overseeing *Lippert*. *See Orr,* 953 F.3d at 495-96.

While Plaintiff may not proceed here on an injunctive relief claim currently being litigated in *Lippert*, he may proceed here on a claim for money damages as *Lippert* seeks only declaratory and injunctive relief. *See Crowder v. Lash*, 687 F.2d 996, 1009 (7th Cir. 1982) (a plaintiff may proceed on an individual Eighth Amendment claim for money damages even if a member of a class action where only declaratory or injunctive relief is sought). Plaintiff is advised however, that any injunctive relief ordered in *Lippert* might overlap and render moot any injunctive relief Plaintiff requests here. *Jackson v. Wexford Health Sources, Inc.*, No. 15- 920, 2015 WL 6663954, at *5 (S.D. Ill. Nov. 2, 2015).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading but is not to contain mis-

joined claims. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.  Plaintiff's Motion for Merit Review [8] and Motion for Status [9] are rendered MOOT by this order. Plaintiff also files [10], a motion for recruitment of pro bono counsel. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). As a result, Plaintiff must take steps to attempt to secure counsel on his own. *Pruitt v*, 503 F.3d at 654-55. Plaintiff includes several declination letters from attorneys' offices, but these are largely from 2018, approximately two years before Plaintiff filed this complaint. In addition, they appear to concern the *Lippert* class action. As a result, Plaintiff fails to demonstrate a good faith effort to obtain counsel to represent him in this case. [10] is DENIED. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

10/28/2020
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE