UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD C. HANKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-3125-JBM |
| | ) |
| **NED HUBBARD, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MERIT REVIEW –SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a second amended complaint alleging a variety of claims arising at the Western Illinois Correctional Center ("Western"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's earlier complaints, based on the same facts, asserted deliberate indifference. In this, Plaintiff's third attempt, he has pled the same confusing facts to support claims of retaliation, violations of due process, conspiracy, civil conspiracy, failure to intervene, intentional infliction of pain and suffering, and state law respondeat superior. While Plaintiff does not list deliberate indifference as one of his asserted claims, he refers to it as the

underpinning on which the other claims are based, and the Court reviews the second amended complaint as also asserting deliberate indifference. After review, the Court determines that the facts as alleged, fail to support any of these claims.

On August 21, 2018, Plaintiff was seen by Defendant optometrist Dr. Hubbard who placed Ketotifen Fumarate Ophthalmic solution drops in Plaintiff's eyes.[1] Twelve days later, a vein burst in Plaintiff's eye. Plaintiff was taken to an outside provider. Plaintiff does not reveal the reason for this visit and indicates only that the provider recommended that Defendant Nurse Practitioner Smith "follow up" as to the cause of Plaintiff's "head pains."

Plaintiff believes that the vein burst due to the application of the Ketotifen Fumarate Ophthalmic solution 12 days earlier. Defendant Nurse Practitioner Smith, who saw Plaintiff after his return from the outside provider, explained that the vein likely burst as a result of the blood thinners Plaintiff was taking for hypertension. When Plaintiff posed this same question to Dr. Hubbard, he, too denied that eye drops had caused the problem. Plaintiff believes otherwise, but pleads no facts and does not provide a basis for this belief.

On September 14, 2018, Plaintiff complained of stiffness, muscle spasm and locked joints. He was seen by Dr. Maddox who prescribed Robaxin. Plaintiff claims, without explanation, that on September 23, 2018, he "experienced some kind of stroke" and was given a 30-day lay-in by Defendant Smith. Plaintiff asserts that Defendant did not attend to his eye injury, only recommendation that he use a warm wet cloth.

Some days later, Plaintiff experienced unbearable pain behind his left eye and down his left side, believing, again, that he had suffered a stroke. This was refuted by both Defendant

---

[1] Ketotifen is an antihistamine used to treat allergy and is available over-the-counter and by prescription. www.goodrx.com › Ketotifen.

Smith and Defendant Nurse Practitioner Miller who explained that Plaintiff's symptoms were not consistent with a stroke.

## ANALYSIS

Plaintiff is alleging, in part, that Defendants Hubbard, Smith and Miller provided inadequate care which caused him to have a stroke and did so in retaliation for his "using the grievance process." Plaintiff does not identify any grievances he had filed, against whom they were filed, and does not claim that any Defendant was aware of the grievances. As a result, he fails to successfully plead that Defendants acted out of retaliatory motive. *Sanders v. Bertrand*, 72 Fed.Appx. 442, 2003 WL 21490953 (7th Cir. June 27, 2003) (dismissing retaliation claim at merit review). A retaliation claim cannot proceed where it is based on speculation which "rests only on personal beliefs that cannot be substantiated." *See id*.

Plaintiff also ascribes another motive, that Defendants' actions in providing inadequate care were "a proximate result of their adherence to a Wexford policy and practice to meet a quota to service as many as the numerous inmates as speedily as possible, with little regard for the seriousness or proper care of the illness." To the extent that these allegations are construed against Wexford, they fail to state a claim. While Wexford has potential liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), this is so only if it had an unconstitutional policy, practice or custom which caused the constitutional deprivation. *Salcedo-Vazquez v. Nwaobasi*, No. 13- 606, 2015 WL 7177231, at *7 (S.D. Ill. Nov. 16, 2015) citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015).

A vague assertion that Wexford had a "quota" system and that this was followed without regard to proper treatment is more in the form of an insult that an actionable claim. *See Arita v.*

*Wexford Health Sources, Inc.*, No. 15-01173, 2016 WL 6432578 (N.D. Ill. Oct. 31, 2016) (dismissing *Monell* claim where the complaint failed to "shed any light on what Wexford's alleged policy might be— that is, what specific policy might lead to the systematic disregard of inmates' medical needs.")

      Plaintiff asserts a variety of other conclusory claims not pled with any detail. He asserts, without explanation, that Defendants' conspired together so as not to provide proper medical treatment. He asserts, without pleading a basis, that this also constituted a violation of due process. Plaintiff claims further, again without support, that "one or more of the Defendants (and other as-yet-unknown individuals) stood by without intervening to prevent Defendants' deliberate indifference". Plaintiff also makes a bare assertion that Defendants' conduct was extreme and outrageous, apparently alleging a claim for intentional infliction of emotional distress.

      Plaintiff's allegations are vague, conclusory, and devoid of sufficient context and detail to effectively plead any of the various claims he asserts. Plaintiff offers nothing to support that eye drops applied some 12 days earlier caused a vein in his eye burst. This, particularly, as he pleads that both a physician and nurse practitioner had told him this was not the case. Even if it were otherwise, Plaintiff offers nothing to support that Defendant Hubbard was aware that the application of the drops would cause a rupture of the vein, and was deliberately indifferent to the risk.

      If Plaintiff is claiming that he suffered a stroke due to the eye drops, he fails to offer any facts in support. He states, in fact, that two nurse practitioners told him he had not suffered a stroke at all. If Plaintiff is attempting to assert that the eye drops applied August 21, 2018 caused

him to have left-sided weakness, muscle spasm and locked joints on September 14, 2018, he fails to adequately plead a connection between the two.

The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 283 F.3d 867, 872 (7th Cir.2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Plaintiff's allegations are confusing and apparently without factual basis. As a result, they are not sufficient to put any Defendant on notice of the claims against them.

Plaintiff has had three attempts to state a colorable claim and no further opportunity will be given, as Plaintiff cannot state a justiciable claim under these facts. "While Rule 15(a) states that 'leave shall be freely given when justice so requires,' the court should not allow the plaintiff to amend his complaint when to do so would be futile." *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (denying leave to amend where an "amended complaint could not withstand a motion to dismiss"…for failure to state a claim upon which relief can be granted."). "'[T]he right to amend as a matter of course is not absolute,' and a district court may deny a motion to amend 'if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a [ ] motion to dismiss.'" *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011) (internal citations omitted).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's second amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile as Plaintiff cannot state a constitutional claim under this set of facts. This case is closed, and all pending matters vacated. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

 8/2/2021                                      s/Joe Billy McDade
ENTERED                                    JOE BILLY McDADE
                                             UNITED STATES DISTRICT JUDGE